GAYLORD et al. v. GIBSON.

(Supreme Court, Appellate Division, Third Department.   January 11, 1899.)

1. EVIDENCE—PAYMENT OF NOTE—MEMORANDUM OF HOLDER.
   On an issue as to whether a certain $200 note, dated August 28, 1886, in the possession of plaintiff's intestate at the time of his decease, had been paid by defendant, the latter produced in evidence a check for $200, dated September 12, 1887, and another for $12.46, dated November 11, 1887, both of which he had given to decedent, and which had been paid. The amount due on the note in question, September 12, 1887, was just $212.46. Defendant also produced a memorandum, in the handwriting of decedent, showing a loan of $200 to defendant, August 26, 1886, and the receipt of $200, September 13, 1887, "on note Aug. 28/86." *Held*, that the payment of such note was fairly established.

2. SAME—MONEY LOANED—SUFFICIENCY OF PROOF.
   That a certain check made by plaintiff's intestate to defendant was a loan, and not a payment, was sufficiently proven where a memorandum, in the handwriting of decedent, produced by defendant, showed a loan to defendant of the sum named in such check, on the date therein specified.

3. SAME—PAYMENT OF RENT—PRESUMPTIONS.
   Where it was proven that defendant had leased to plaintiff's intestate certain premises belonging to defendant's ward, at an annual rent, which decedent agreed to pay, and it was not shown that decedent had paid him any more than he had given him credit for. the fact that defendant had settled with his ward for the entire rent raised no presumption that decedent had paid it in full.

Appeal from judgment on report of referee.

Action by Katherine Gaylord and another, as administrators, etc., of Henderson Gaylord, deceased, against Judson A. Gibson. From a judgment entered on the report of the referee, in favor of plaintiffs, defendant appeals. Reversed.

This action is brought to recover upon two promissory notes, one for $200, and the other for $300, executed by the defendant to plaintiffs' intestate, and also upon a loan of $100, and another of $25, claimed to have been made by the deceased to the defendant. The defense was payment of the notes, denial of the loans, and a counterclaim for a balance of accounts due defendant from the deceased. The referee before whom the case was tried rendered a decision, in which he charged defendant with both notes, and interest thereon, and also with the loan of $25 and the interest thereon, as claimed in the complaint, but found that the claim for $100 loaned was not proven. Upon the counterclaims set up in the answer, he charged against the plaintiffs, as defendant's share of the receipts for the use of certain "billboards" in which deceased and defendant had an interest as co-partners, during the season of 1886 and 1887 the sum of $93.15, and for the season of 1887 and 1888 the sum of $87.50, as and for defendant's share for the use thereof, and also the sum of $81.25, as defendant's share of the proceeds of the sale by deceased of such "billboards" and other implements and property used in the bill-posting and advertising business. He also allowed to the defendant the sum of $143.50, as being his share of the receipts for the use of certain advertising curtains. in which he and the deceased were interested as co-partners. He also charged against plaintiffs the sum of $85.41, being amount paid by defendant to the use of deceased upon a joint note executed by them. He refused to allow defendant's claim for $250, balance due from deceased upon a lease of the Madison Avenue Theater, executed to him by the defendant, as the guardian of Ada F. Hersey, a minor. He gave judgment against defendant for the balance due after deducting the counterclaims allowed, and, from the judgment entered thereon, this appeal is taken.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Judson A. Gibson, in pro. per.

A. J. Robertson, for respondents.

PARKER, P. J. It seems from the record before us that the clear weight of evidence establishes the payment of the $200 note. It was dated August 28, 1886, due in 90 days, with interest. On September 12, 1887, defendant gave deceased a check for $200, which was paid, and, on November 11th following, gave him another check, for $12.46, which was paid. The amount due on the note for principal and interest September 12, 1887, was just $212.46, and a very strong presumption arises that those two checks paid the note. Defendant was not allowed to testify for what those checks were given, being prohibited from so doing by section 829 of the Code of Civil Procedure; but he has put in evidence a memorandum in deceased's handwriting, which he (defendant) had in his possession and produced upon the trial, whereby it would appear that deceased made certain charges against defendant, and gave him credit, as follows:

"Aug. 26, 1886, Lend J. A. G. $200.
"June 18, '87, " " " " 25.00.
"Recd., Sept. 13, $200, on note Aug. 28/86."

From this memorandum it would seem that on August 26th deceased loaned defendant $200, for which a note was taken two days after, viz. August 28, 1886; that on September 13th, the day after the date of the check of September 12, 1887, he received $200 payment on the note of August 28, 1886. Of course, the defendant was not able to testify as to the circumstances under which he took this memorandum from deceased, nor why the note, if paid, was left in the custody of the deceased; but the fact that deceased wrote the memorandum, and defendant produced it, makes it substantially a statement on the part of deceased, and overcomes any presumption of nonpayment arising from the retention of the note by deceased.

An effort was made to discredit the force of this memorandum, by claiming that the date "Aug. 28" had been changed from "8" to "28," and that "86" had originally been written "87." There is some appearance of a change from "87" to "86," but there is no note appearing in the case as of August 8, 1887. Moreover, the credit on this memorandum evidently has reference to the indebtedness charged above it, and there can be no claim but that such indebtedness accrued in August, 1886. Evidently, the credit of September 13th, there entered, was upon a note for a loan made in August, 1886. The credit refers to the debt therein charged, and thus the application of the $200 received on check of September 12, 1887, is shown by deceased himself. To repel this conclusion, a check for $200 from the deceased to the defendant, dated August 8, 1887, was put in evidence by plaintiffs; and it is suggested that the check of September 12th, above referred to, was to repay the amount received upon it. But there is no presumption nor proof that such check was a loan to be repaid by defendant. The presumption is to the contrary. In re Baldwin, 11 App. Div. 551, 42 N. Y. Supp. 642. Also, the deceased says the amount received by

him September 13th (presumably on the check of September 12th) was upon a note, not on a check or loan, of August 28th. I cannot see the slightest reason to claim that the "28" had been altered, nor why the deceased, a lawyer, should credit the amount upon a note if he intended it to apply on a check or a loan for which no note had been given. My conclusion is that the proof fairly establishes the payment of the $200 note, and that the referee should have so found.

As to the defendant's claim that the loan of $25 was not established, I think it cannot be sustained. The memorandum above referred to shows a loan on June 18, 1887, of $25. It was put in evidence by defendant, and shows that the check of that amount and of that date, confessedly applied to defendant's use, was advanced as a loan, and not a payment. It would also appear from the evidence before us and the referee's finding of fact that defendant had established his claim for $250, balance due upon the lease taken by the deceased of the Madison Avenue Theater. It clearly appears from the eleventh finding that defendant, as the guardian of his ward, Ada F. Hersey, had charge of the premises in question, and rented them to the deceased for the annual rent of $800; that deceased occupied them for a year under such leasing, and promised to pay the defendant the sum of $800 therefor. Those two facts being proven, the burden was upon the plaintiffs to prove that payment in full of such rent had been made. There is proof that deceased had made some payments on account of such rent, but it is not shown that he had paid any more than the answer gives him credit for, to wit, $550. That he is chargeable for the balance of $250, as claimed by the answer, is an inference from the conceded facts, overcome only by proof of its payment. The referee found (and it so appeared) that defendant had settled in full with his ward for such rent; but that fact raises no presumption that deceased had paid him. Defendant was liable to his ward for the rent which he collected or could collect, and no inference that he had already collected the whole rent should arise from the fact that he had paid his ward in full. The referee says that the evidence does not justify the finding that any part of the rent remained unpaid. But the question is, does it justify the finding that it has all been paid? Unless it does, plaintiffs should have been credited with only so much as appeared to have been paid, and charged with the balance. In this respect the decision of the referee is erroneous.

Defendant further claims that there were errors committed upon the trial, to his prejudice, in the admission of evidence. Exhibit C, complained of, was a memorandum of accounts in the handwriting of deceased. So far as the record before us indicates, it had no bearing whatever upon any issue in the case, except the claim for $100 loaned defendant. Inasmuch as the referee has disallowed that claim, the reception of the evidence was clearly without prejudice to defendant. As to the admission of Exhibit X, we cannot ascertain from the record just what it contained. If there were items in the account, made by defendant, which recognized payment of rent made by deceased, it might be evidence in the nature of admissions against himself. If there were no such admissions, it is difficult to see how it could be pertinent to any issue being tried.

It is further claimed by defendant that he should have been allowed to recover, as surviving partner, all that the deceased received from the rental and use of billboards, curtains, etc., and the actual market value of the property sold by him, to the end that he might pay the copartnership debts, and settle up its affairs. It is difficult to determine to just what extent the deceased and defendant were sole partners, and to what extent Smith was a co-partner with them, in the advertising business, or whether the condition of the firm warranted such a recovery; nor is it necessary to determine that question, inasmuch as, from the views above taken as to the conclusions of the referee, a new trial should be granted in this action. It is probable that upon another trial the precise relation of those three parties to the advertising business will more definitely appear. The result of these considerations is that this judgment should be reversed, and a new trial granted.

Judgment reversed, referee discharged, and a new trial granted; costs to abide the event. All concur.